**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CRYPTOPEAK SOLUTIONS, LLC,<br><br>    Plaintiff<br><br>    v.<br><br>THE HOME DEPOT, INC., and<br>HOMER TLC, INC.,<br><br>    Defendants. | Case No. 2:15-cv-1747<br><br>JURY TRIAL DEMANDED |

**THE HOME DEPOT, INC. AND HOMER TLC, INC.'S MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(B)(6) FOR FAILURE TO STATE A CLAIM**

# TABLE OF CONTENTS

                                                                                              **Page**

I.     LEGAL STANDARD ................................................................................................... 2

        A.     The Court Should Use Rule 12 To Invalidate The Patent Under 35 U.S.C. § 112 Now, Because Indefiniteness Is A Question Of Law ................................. 2

        B.     Mixed Method And Apparatus Claims Are Prohibited ......................................... 2

        C.     A Claim Cannot Be Rewritten ............................................................................... 3

II.    ARGUMENT .............................................................................................................. 4

        A.     The Potentially Asserted Claims Are Invalid As Indefinite ................................. 4

                1.     Fatal Recitation Of "Method And Apparatus" ........................................... 4

                2.     Fatal Recitation Of Apparatus And Method Of Using That Apparatus ................................................................................................... 5

III.   CONCLUSION ........................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ............................................................................................................. 2

*Atmel Corp. v. Info. Storage Devices, Inc.*
    198 F.3d 1374 (Fed. Cir. 1999) ........................................................................................... 2

*Chef Am., Inc. v. Lamb-Weston, Inc.*
    358 F.3d 1371 (Fed. Cir. 2004) ....................................................................................... 4, 8

*Collaboration Props., Inc. v. Tandberg ASA*
    No. C 05-01940, 2006 WL 1752140 (N.D. Cal. June 23, 2006) ........................................ 5

*CryptoPeak Solutions LLC v. Bed Bath & Beyond, Inc.*
    C.A. No. 15-cv-1290, Dkt. 24 ............................................................................................. 1

*E-Watch Inc. v. Apple, Inc.*
    No. 2:13-cv-1061, 2015 WL 1387947 (E.D. Tex. Mar. 25, 2015) .......................... 3, 7, 8, 9

*Ex parte Lyell*
    17 USPQ2d 1548 (1990) ..................................................................................................... 3

*HTC Corp. v. IPCom GmbH & Co., KG*
    667 F.3d 1270 (Fed. Cir. 2012) ........................................................................................... 5

*In re Kuehl*
    475 F.2d 658 (1973) ............................................................................................................ 3

*InterDigital Commc'ns, Inc. v. ZTE Corp.*
    No. 13-cv-009, 2014 U.S. Dist. LEXIS 55518 .................................................................. 4

*IPXL Holdings, LLC v. Amazon.com, Inc.*
    430 F.3d 1377 (Fed. Cir. 2005) .................................................................................. passim

*Microprocessor Enhancement Corp. v. Texas Instruments Inc.*
    520 F.3d 1367 (Fed. Cir. 2008) ........................................................................................... 5

*Neitzke v. Williams*
    490 U.S. 319 (1989) ............................................................................................................ 2

*Net MoneyIN, Inc. v. VeriSign, Inc.*
    545 F.3d 1359 (Fed. Cir. 2008) ........................................................................................... 2

*Novo Indus., L.P. v. Micro Molds Corp.*
  350 F.3d 1348 (Fed. Cir. 2003)......................................................................................8

*Ortho–McNeil Pharm., Inc. v. Mylan Labs., Inc.*
  520 F.3d 1358 (Fed. Cir. 2008)......................................................................................8

*Rembrandt Data Techs., LP v. AOL, LLC*
  641 F.3d 1331 (Fed. Cir. 2011)...................................................................................3, 4

*Rubber Co. v. Goodyear*
  9 Wall. 788, 76 U.S. 788, 19 L.Ed. 566 (1869) .............................................................3

*SFA Sys., LLC v. 1-800-Flowers.com*
  940 F. Supp. 2d 433 (E.D. Tex. 2013) ........................................................................3, 4

**STATUTES**

35 U.S.C. § 112................................................................................................................ passim

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)..................................................................................................1, 2

M.P.E.P. § 2173.05(p)(II) (1999) ........................................................................................3

Defendants The Home Depot, Inc. and Homer TLC, Inc. (collectively "Defendants")[1] hereby move under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff CryptoPeak Solutions, LLC's ("CryptoPeak") Amended Complaint because all the claims asserted by CryptoPeak are dead on arrival since they expressly violate Federal Circuit law by claiming more than one statutory class of subject matter.[2] More specifically, claims 1-4 and 17 ("the Potentially Asserted Claims") of U.S. Patent No. 6,202,150 (the "'150 Patent") are indefinite under 35 U.S.C. § 112 as each claim *is expressly directed to both an apparatus and a method*. Indeed, as exemplified by claim 1 reproduced below, the plain language of the Potentially Asserted Claims expressly recites "[a] method and apparatus":

> 1. A **method and apparatus** for generating public keys and a proof that the keys were generated by a specific algorithm **comprising the steps of**:
>
> **the user's system** generating a random string of bits based on system parameters;
>
> **the user** running a key generation algorithm to get a secret key and public key using the random string and public parameters;
>
> **the user** constructing a proof being a string of bits whose public availability does not compromise the secret key and wherein said constructing of said proof requires access to said key, but at the same time said proof provides confidence to at least one of a plurality of other entities that said public key was generated properly by the specified algorithm, and wherein said confidence is gained without having access to any portion of said key.

'150 Patent, claim 1 (emphasis added). This clearcut mixing of *system* (apparatus) elements and *user* (method) elements creates a legal ambiguity regarding infringement which is statutorily

---

[1] The Home Depot, Inc. and Homer TLC, Inc. have been incorrectly sued. Home Depot U.S.A, Inc. is the entity owning the technology relevant to the claims in dispute, and will be seeking a substitution of parties.

[2] This Motion closely parallels similar pending motions in earlier-filed CryptoPeak cases. *See, e.g. CryptoPeak Solutions LLC v. Bed Bath & Beyond, Inc.*, C.A. No. 15-cv-1290, Dkt. 24.

prohibited. Because each of the Potentially Asserted Claims[3] contains this fatal flaw – and because no claim construction, discovery, or factual inquiry is needed to reach this conclusion – this Court should dismiss CryptoPeak's Complaint pursuant to Fed. R. Civ. P 12(b)(6) and avoid the unnecessary expenditure of judicial and party resources.

## I. LEGAL STANDARD

### A. The Court Should Use Rule 12 To Invalidate The Patent Under 35 U.S.C. § 112 Now, Because Indefiniteness Is A Question Of Law

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint that fails to state a claim upon which relief can be granted instead of answering the complaint. Fed. R. Civ. P. 12(b)(6). This rule is an important procedural mechanism that "authorizes a court to dismiss a claim on the basis of a dispositive issue of law" and "streamlines litigation by dispensing with needless discovery and fact finding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Threshold legal issues are ripe now because "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A determination of claim indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims." *Atmel Corp. v. Info. Storage Devices, Inc.*, 198 F.3d 1374, 1378 (Fed. Cir. 1999) (citation omitted). Indefiniteness is a question of law, and so is an issue that is amenable to disposition at this preliminary stage. *See, e.g., Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1364, 1367 (Fed. Cir. 2008).

### B. Mixed Method And Apparatus Claims Are Prohibited

"Section 112, paragraph 2, requires that the claims of a patent 'particularly point out and distinctly claim the subject matter which the applicant regards as his invention.' " *IPXL*

---

[3] CryptoPeak has already represented and warranted that it will not assert any other claims of the '150 Patent. Amended Complaint [Dkt. No. 8], ¶ 23.

*Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005) (quoting 35 U.S.C. § 112, ¶ 2); *E-Watch Inc. v. Apple, Inc.*, No. 2:13-cv-1061, 2015 WL 1387947 (E.D. Tex. Mar. 25, 2015) (Payne, M.J.).[4] The Federal Circuit has laid down a *per se* rule for these types of claims: "reciting both an apparatus and a method of using that apparatus renders a claim indefinite under section 112, paragraph 2." *Rembrandt Data Techs., LP v. AOL, LLC*, 641 F.3d 1331, 1339 (Fed. Cir. 2011) (quoting *IPXL Holdings*, 430 F.3d at 1384); *SFA Sys., LLC v. 1-800-Flowers.com*, 940 F. Supp. 2d 433, 454 (E.D. Tex. 2013) (Davis, C.J.) ("A single claim that recites two separate statutory classes of invention, *e.g.*, "an apparatus and a method of using that apparatus," renders the claim indefinite under 35 U.S.C. § 112 ¶ 2.") (citing *IPXL*, 430 F.3d at 1384 and *Ex parte Lyell*, 17 USPQ 2d 1548 (1990)).

### C. A Claim Cannot Be Rewritten

In this same vein, a court may not rewrite an improperly drafted indefinite claim to preserve its validity:

---

[4] The *IPXL* Court explained the motivation for this per se rule:

> The Board of Patent Appeals and Interferences ("Board") of the PTO . . . has made it clear that reciting both an apparatus and a method of using that apparatus renders a claim indefinite under section 112, paragraph 2. *Ex parte Lyell*, 17 USPQ2d 1548 (1990). As the Board noted in *Lyell*, "the statutory class of invention is important in determining patentability and infringement." *Id*. at 1550 (citing *In re Kuehl*, 475 F.2d 658, 665 (1973); *Rubber Co. v. Goodyear*, 9 Wall. 788, 76 U.S. 788, 796, 19 L.Ed. 566 (1869)). The Board correctly surmised that, as a result of the combination of two separate statutory classes of invention, a manufacturer or seller of the claimed apparatus would not know from the claim whether it might also be liable for indirect infringement because a buyer or user of the apparatus later performs the claimed method of using the apparatus. *Id*. Thus, such a claim "is not sufficiently precise to provide competitors with an accurate determination of the 'metes and bounds' of protection involved" and is "ambiguous and properly rejected" under section 112, paragraph 2. *Id*. at 1550–51. This rule is well recognized and has been incorporated into the PTO's *Manual of Patent Examination Procedure*. § 2173.05(p)(II) (1999) ("A single claim which claims both an apparatus and the method steps of using the apparatus is indefinite under 35 U.S.C. § 112, second paragraph."); *see also* Robert C. Faber, *Landis on Mechanics of Patent Claim Drafting* § 60A (2001) ("Never mix claim types to different classes of invention in a single claim.").

> [C]ourts may not redraft claims, whether to make them operable or to sustain their validity. Even 'a nonsensical result does not require the court to redraft the claims of the [ ] patent. Rather, whereas here, claims are susceptible to only one reasonable interpretation and that interpretation results in a nonsensical construction of the claim as a whole, the claim must be invalidated.'

*Chef Am., Inc. v. Lamb-Weston, Inc.*, 358 F.3d 1371, 1374 (Fed. Cir. 2004) (citations omitted); *see also Rembrandt Data Techs.*, 641 F.3d at 1340. In particular, "correcting an apparatus claim that includes an improper method step is not permissible." *InterDigital Commc'ns, Inc. v. ZTE Corp.*, No. 13-cv-009, 2014 U.S. Dist. LEXIS 55518, at **12-14 (D. Del. Apr. 22, 2014)

## II.     ARGUMENT

### A.     The Potentially Asserted Claims Are Invalid As Indefinite

Each of the Potentially Asserted Claims expressly claims both a method and an apparatus and is thus invalid.

#### 1.     Fatal Recitation Of "Method And Apparatus"

The invalidity of the claims asserted here is cut and dried. The Potentially Asserted Claims recite "a method and apparatus." Thus, a practitioner cannot know the scope of the Potentially Asserted Claims from reading them because they explicitly claim "separate statutory classes of invention," a combination expressly forbidden by the law. *SFA Sys.*, 940 F. Supp. 2d at 454. For this reason alone, these claims are invalid on their face, and the Court should declare so at this stage. *See*, *e.g., IPXL*, 430 F.3d at 1384.

The express identification of the two statutory classes differentiates these claims from those that courts have previously declined to invalidate for reciting system elements in a method claim. *See*, e.g., *Microprocessor Enhancement Corp. v. Texas Instruments Inc.*, 520 F.3d 1367, 1374 (Fed. Cir. 2008) (finding claim was not invalid as indefinite despite reciting a method of executing instructions on a processor, the structural limitations of the processor, and the method

steps implemented in the processor); *Collaboration Props., Inc. v. Tandberg ASA*, No. C 05-01940, 2006 WL 1752140, at *3 (N.D. Cal. June 23, 2006) (upholding validity of claims that recited a "method of conducting a teleconference using a system . . ."). Unlike the claims in *Microprocessor Enhancement*, which are clearly labeled **"a method of** [performing steps using specific structure identified within a nested preamble] . . ." the claims here require "**a method and apparatus. . .**comprising. . . ." The preamble could not be more explicit that it attempts to cover both statutory classes. *Id*.[5] They thus provide no clarity as to the covered statutory class. As such, the Potentially Asserted Claims are invalid on their face.

### 2. Fatal Recitation Of Apparatus And Method Of Using That Apparatus

In addition to the language identifying the Potentially Asserted Claims as covering a "method and apparatus," the body of the claims describes an apparatus and method steps for using that apparatus.

A valid apparatus claim must recite only structural limitations (*i.e*., structure or capabilities of structure) or functional language subject to 35 U.S.C. § 112, ¶ 6. *See Microprocessor Enhancement Corp. v. Texas Instruments Inc*., 520 F.3d 1367, 1375 (Fed. Cir. 2008); *see also HTC Corp. v. IPCom GmbH & Co., KG*, 667 F.3d 1270, 1277-78 (Fed. Cir. 2012). A method claim recites a series of steps typically performed by a user, rather than a system . The defect in claim 1 here is that the claim attempts to encompass both, just as in the *IPXL* case. In *IPXL*, the Federal Circuit invalidated a claim that recited on the one hand a "system," and on the other hand, method steps for use of that system, by a user:

> 25. The *system of claim 2* [including an input means] wherein the predicted transaction information comprises both a transaction type and transaction parameters associated with that transaction type,

---

[5] Moreover, the claim elements of claim 1 in *Microprocessor Enhancement*, for example, are all directed to actions performed by a user. In contrast, the claim elements in the claims of the case at bar are performed by *both* a system *and* a user. *See supra* at 1 (claim 1 elements).

> and *the user uses the input means* to either change the predicted
> transaction information or accept the displayed transaction type
> and transaction parameters.

*IPXL Holdings*, 430 F.3d at 1384 (quoting U.S. Patent No. 6,149,055). Because "it is unclear whether infringement of claim 25 occurs when one creates a system that allows the user to change the predicted transaction information or accept the displayed transaction, or whether infringement occurs when the user actually uses the input means to change transaction information or uses the input means to accept a displayed transaction," the claim was invalid under section 112, paragraph 2. *Id*.

The same considerations apply here. For example, independent claim 1 of the '150 Patent identifies a "user" and a "user's system" and then identifies steps that the "user's system" must perform, and steps that the "user" must perform:

> 1. A **method and apparatus** for generating public keys and a proof that the keys were generated by a specific algorithm **comprising the steps of**:
>
> **the user's system** generating a random string of bits based on system parameters;
>
> **the user** running a key generation algorithm to get a secret key and public key using the random string and public parameters;
>
> **the user** constructing a proof being a string of bits whose public availability does not compromise the secret key and wherein said constructing of said proof requires access to said key, but at the same time said proof provides confidence to at least one of a plurality of other entities that said public key was generated properly by the specified algorithm, and wherein said confidence is gained without having access to any portion of said key.

'150 Patent, claim 1 (emphasis added). The "step" is a process required of the user's system or the user, but the user's system and the user are required as tangible elements of the claim. The result, as the preamble states, is a "method and apparatus."

A recent post-*IPXL* case in this district further supports Defendants' contention. *See E-Watch*, 2015 WL 1387947, at *6. A claim at issue in *E-Watch* recited an "[a]pparatus" comprising "operation of the input device **by the user**" and "movement **by the user** of the portable housing" (referring to U.S. Patent No. 7,643,168, at 15:14-50). The court found that the language "by the user" referred to user actions, which were method steps, to be contrasted with system capabilities, which would be appropriate apparatus limitations. *Id*. at *6. The court rejected plaintiff's attempt to redraft the claims to read the "by the user" language out of the claims. *Id*. at *6.

Here, the Potentially Asserted Claims are similarly recited in terms of a system and the use of that system by a user. The limitations in the Potentially Asserted Claims improperly attempt to turn on the overall system and on how a user can use the system to generate (or "read," "access," "construct," *etc*.) data. Thus, in accordance with *E-Watch*, the patentee's mix of an apparatus (*i.e.,* the user's system), on the one hand, and method steps (*i.e*., the user actions), on the other hand, renders the claims indefinite under *IPXL*.

This defective recitation of multiple statutory classes is found on the face of each of the Potentially Asserted Claims. Each claims an apparatus (underlined below) and then one or more method steps (bolded) of using that apparatus:

| Asserted Claim | Exemplary Language Reciting Both An Apparatus and A Method of Using that Apparatus |
|---|---|
| 1, 2 | "A **method** and apparatus . . . comprising **the steps of**:<br>    the user's system **generating** . . .<br>    the user **running** . . . |
| 3 | "A **method** and apparatus . . . comprising **the steps of**:<br>    the user's system **reading** . . .<br>    the user's system **running** . . .<br>    the user's system **constructing** . . . ." |
| 4 | "A **method** and apparatus . . . comprising **the steps of**:<br>    the user **generating** . . .<br>    the user **sending** . . . ." |

| Asserted Claim | Exemplary Language Reciting Both An Apparatus and A Method of Using that Apparatus |
|---|---|
| 17 | "A **method** and <u>apparatus</u> . . . then the user **takes the following steps**:<br>    **accessing** . . .<br>    **choosing** . . .<br>    **calculating** . . .<br>    **computing and outputting** . . . ." |

'150 Patent (annotations added). As with claim 1, the pattern of reciting both an apparatus and a method of using that apparatus in each of these claims renders them indefinite.

The defect in these claims is so glaring that CryptoPeak's only choice is to request – preemptively - that the Court overlook the express words of the claims, construe the claims to read out certain language, or even correct the claims. CryptoPeak has done just that in its Amended Complaint, alleging that **"[n]otwithstanding that they generically recite the existence of 'apparatus' in their preambles**, each of the Potentially Asserted Claims is a method claim . . . ." (Dkt. No. 8 at 4 (emphasis added).) This request is improper and should be rejected. The Court must read the claims as written, "not as the patentees wish they [ ] were written." *See E-Watch*, 2015 WL 1387947, at *6 (quoting *Chef Am.*, 358 F.3d at 1374). The Court's power to correct errors is limited and only allows for correction of an obvious typographical or transcription error. *See Novo Indus., L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1357 (Fed. Cir. 2003). No matter how much CryptoPeak wishes the claims were written as only method claims, they each claim both a method and an apparatus. The Court cannot redraft these claims to excise either "method" or "apparatus." *Ortho–McNeil Pharm., Inc. v. Mylan Labs., Inc.*, 520 F.3d 1358, 1362 (Fed. Cir. 2008) ("[C]ourts may not redraft claims, whether to make them operable or to sustain their validity.").

**III. CONCLUSION**

As discussed above, claims 1-4 and 17 of the '150 Patent are indefinite under 35 U.S.C. § 112, ¶ 2 for claiming two classes of statutory subject matter, and should be invalidated under the holdings of *IPXL*, 430 F.3d at 1384; *E-Watch*, 2015 WL 1387947, at *6, and other governing precedent. Accordingly, Defendants' motion should be granted and this case dismissed with prejudice for failure to state a claim.

Dated: February 1, 2016

Respectfully submitted,

*/s/ Nicholas G. Papastavros*
Nicholas G. Papastavros
Massachusetts State Bar No. BBO635742
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Telephone: 617.406.6000
Facsimile: 617.406.6119
nick.papastavros@dlapiper.com

John M. Guaragna
Texas Bar No. 24043308
**DLA PIPER LLP (US)**
401 Congress, Suite 2500
Austin, TX 78701
Telephone: 512.457.7000
Facsimile: 512-457.7001

ATTORNEYS FOR THE HOME DEPOT, INC.
AND HOMER TLC, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 1, 2016, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

*/s/ Nicholas G. Papastavros*
Nicholas G. Papastavros
