**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **CRYPTOPEAK SOLUTIONS, LLC,** | Case No. 2:15-cv-1737 |
| Plaintiff, | |
| v. | **PATENT CASE** |
| **LOWE'S HOME CENTERS, LLC,** | **JURY TRIAL DEMANDED** |
| Defendant. | |
| **STAPLES, INC.** | Case No. 2:15-cv-1745 |
| **THE HOME DEPOT, INC.,** *et al.* | Case No. 2:15-cv-1747 |
| **PINTEREST, INC.** | Case No. 2:15-cv-1799 |

**PLAINTIFF CRYPTOPEAK'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTIONS TO DISMISS UNDER FED. R. CIV. P. 12(B)(6)**

Plaintiff CryptoPeak Solutions, LLC ("Plaintiff" or "CryptoPeak"), files this Response in

Opposition to the Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6), filed in the above-captioned

cases by Defendants Lowe's Home Centers, LLC; Staples, Inc.; The Home Depot, Inc., and Homer

TLC, Inc.; and Pinterest, Inc. (collectively referred to as the "Moving Defendants"), and in support

thereof shows the Court as follows:

**PROCEDURAL BACKGROUND AND INCORPORATION OF PRIOR BRIEFING**

The Moving Defendants each assert that the patent-in-suit, U.S. Patent No. 6,202,150 (the

"'150 Patent") is invalid on "mixed subject matter" grounds. This issue is already fully briefed

and pending before the Court in related cases. *E.g., CryptoPeak Solutions, LLC v. AOS, Inc. d/b/a

Trading Block*, Case No. 2:15-cv-1288, Dkt. Nos. 18 (Motion), 19 (Response), 20 (Reply), and 21

(Sur-Reply).[1]

---

[1] This case has subsequently been consolidated into Lead Case No. 2:15-cv-1284; however, all briefing was
done prior to consolidation, and all docket numbers are from the member -1288 case.

To save the Court and the parties effort and further briefing with respect to this issue, CryptoPeak simply attaches and incorporates by reference its Response and Sur-Reply briefs from the earlier related cases, which fully address the issues raised by the Moving Defendants' motions. These documents are as follows (all docket numbers are from Case No. 2:15-cv-1288):

- Dkt. No. 19 – CryptoPeak's Response Brief

  ○ Dkt. No. 19-1 – Ex. A – *Collaboration Props., Inc. v. Tandberg ASA*, 2006 WL 1752140 (N.D. Cal. June 23, 2006)

  ○ Dkt. No. 19-2 – Ex. B – *O'Neill and Guzniczak, Treatment of "Hybrid" Claims in the Courts*, Bloomberg Law Reports – Intellectual Property, Vol. 5, No. 27 (2011)

- Dkt. No. 21 – CryptoPeak's Sur-Reply Brief

  ○ Dkt. No. 21-1 – Ex. C – *Oasis Research, LLC v. AT&T Corp.*, 2012 WL 602202 (E.D. Tex. Feb. 23, 2012) (Mazzant, J.)

  ○ Dkt. No. 21-2 – Ex. D – *Beneficial Innovations, Inc. v. Advance Pubs., Inc.*, 2014 WL 186301 (E.D. Tex. Jan. 14, 2014) (Gilstrap, J.)

In this briefing, CryptoPeak demonstrates that the motions to dismiss should be denied because the Potentially Asserted Claims (Claims 1, 2, 3, 4 and 17 of the '150 Patent) are proper "method" claims and not improper "mixed subject matter" claims, and are therefore valid claims under controlling case law.

## CONCLUSION

For the reasons set forth herein and in CryptoPeak's prior briefing that is incorporated by reference, Plaintiff CryptoPeak respectfully requests that the Court deny all of the Motions to Dismiss and grant CryptoPeak such other and further relief to which it is entitled.

Dated: February 9, 2016                    Respectfully submitted,

                                           /s/ Craig Tadlock
                                           Craig Tadlock
                                           State Bar No. 00791766
                                           John J. Harvey, Jr.
                                           State Bar No. 09179770
                                           Keith Smiley
                                           State Bar No. 24067869
                                           TADLOCK LAW FIRM PLLC
                                           2701 Dallas Parkway, Suite 360
                                           Plano, Texas 75093
                                           903-730-6789
                                           craig@tadlocklawfirm.com
                                           john@tadlocklawfirm.com
                                           keith@tadlocklawfirm.com

                                           **Attorneys for Plaintiff**
                                           **CryptoPeak Solutions, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that a copy of the foregoing was served on all parties who have appeared in this case on February 9, 2016, via the Court's CM/ECF system, pursuant to Local Rule CV-5(a)(3).

                                           /s/ Craig Tadlock
                                           Craig Tadlock